**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

JASON LEOPOLD,

                  Plaintiff,

    v.

FEDERAL BUREAU OF
INVESTIGATION et al.,

               Defendants.

Civil Case No. 22-1921

---

## UNOPPOSED MOTION TO BIFURCATE REVIEW OF DOCUMENTS TO WHICH EXEMPTION 7 (A) APPLIES

The Federal Bureau of Investigation (FBI) respectfully requests that the Court issue an order permitting FBI to bifurcate its review of documents as to which FBI asserts Exemption 7(A), allowing FBI to withhold those documents in full under that exemption and to reserve for later consideration any other exemptions that may apply. Prior to filing this motion, FBI consulted with Plaintiff's counsel, who indicated that Plaintiff does not oppose this request.

Plaintiff's Freedom of Information Act (FOIA) request seeks six categories of records concerning the removal or destruction of Presidential records during the Trump Administration. Many of the requested records expressly relate to the pending investigation into records retrieved from former President Trump's Mar a Lago estate, though the request also includes records not expressly related to that investigation. As the parties' latest Joint Status Report notes, FBI has identified 4674 pages of potentially responsive records outside the investigative file and is in the process of processing these records and issuing interim responses monthly. *See* ECF No. 21.

As for records within the investigative file, FBI anticipates that the vast majority will be withheld in full under Exemption 7(A) because their release "could reasonably be expected to

interfere with enforcement proceedings." 5 U.S.C. § 552 (b)(7)(A). FOIA allows FBI to make that assessment on a categorical basis, though FOIA generally requires agencies to invoke all applicable exemptions at the same time. *See Maydak v. Dep't of Justice*, 218 F.3d 760, 764-65 (D.C. Cir. 2000); *see also Leopold v. Dep't of Justice*, 301 F. Supp. 3d 13, 26 (D.D.C. 2018). In this case, however, requiring FBI to undertake a full, line-by-line review of documents withheld in full under Exemption 7(A) and to assert other overlapping exemptions would substantially increase the processing time for responsive records in this case. Indeed, if such a review is required here, FBI anticipates that it would take at least seven months to complete its review of the investigative file. But bifurcating review of documents as to which FBI asserts Exemption 7(A) would allow FBI to complete its review of the investigative file in approximately two months, at which time the parties can confer and—if necessary—propose a briefing schedule regarding the FBI's Exemption 7(A) and segregability determinations. Bifurcation would also avoid the need to expend the significant time and resources required for the parties to brief and for the Court to decide complex issues regarding exemption claims that may turn out to be superfluous.

For that reason, it is in the parties' and the Court's interest to allow FBI to initially assert Exemption 7(A) over any responsive records that FBI believes are subject to withholding in full under that exemption, while preserving FBI's right to assert at a later date other underlying exemptions over the same documents, should the Court ultimately determine that Exemption 7(A) does not apply or that the Exemption 7(A) assertion expired. Courts in this District routinely approve such requests. *See, e.g.*, *Leopold v. Dep't of Justice*, No. 15- 2117 (Feb. 9, 2016 Minute Order); *Manning v. Dep't of Justice*, No. 15-1654 (Dec. 15, 2015 Minute Order); *Accuracy in Media v. Dep't of Defense*, No. 14-1589 (June 23, 2015 Minute Order); *see also United We Stand America, Inc. v. IRS*, 359 F.3d 595, 598 (D.C. Cir. 2004) (allowing agency to assert and defend

additional redactions on remand where agency had reserved the right to do so in district court filings).

Consistent with this well-established and sensible practice, FBI respectfully requests an order making clear that FBI may initially review the responsive records only for the application of Exemption 7(A) without forfeiting its ability to later assert other exemptions over the same documents if necessary.

Dated:  June 30, 2023                               Respectfully submitted,

                                                    BRIAN M. BOYNTON
                                                    Principal Deputy Assistant Attorney General

                                                    MARCIA BERMAN
                                                    Assistant Branch Director

                                                    */s/ Kevin Wynosky*
                                                    KEVIN WYNOSKY (PA Bar # 326087)
                                                    Trial Attorney
                                                    U.S. Department of Justice
                                                    Civil Division, Federal Programs Branch
                                                    1100 L Street N.W., Rm. 12400
                                                    Washington, DC 20005
                                                    (202) 616-8267
                                                    Kevin.J.Wynosky@usdoj.gov

                                                    *Counsel for Defendant*