## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD,<br><br>                    Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF INVESTIGATION<br>et al.,<br><br>                    Defendants. | Civil Action No. 22-cv-1921-BAH |

### JOINT STATUS REPORT

On February 10, 2025, the Court denied Defendants' motion for summary judgment (ECF No. 31) and granted Plaintiff's cross-motion for summary judgment (ECF No. 34) as to (1) Defendants' *Glomar* response under Exemption 7(A) (with respect to the sixth category of Plaintiff's FOIA request) and (2) Defendants' withholding in full of the Mar-a-Lago investigative file under Exemption 7(A).  Order, ECF No. 43.  In response to the parties' subsequent joint status report, ECF No. 45, the Court ordered Defendants to "begin promptly processing records from the 'Mar-a-Lago investigative file' responsive to Parts 1 through 5 of plaintiff's request," and ordered the parties "submit a joint status report by March 6, 2025, advising the Court of the status of this matter and providing a proposed schedule to govern further proceedings in this matter."  Feb. 21, 2025 Minute Order.  The parties now respectfully submit this report in compliance with the Court's order, and request that they be permitted to file a further Joint Status Report on or before April 6, 2025..

*Defendants' Statement:*

Defendants have begun processing the investigative file. In particular, they have begun transferring the responsive records in the investigative file into the FBI's FOIA processing system.[1] When this process has concluded, the agency will process responsive records – which will entail carefully reviewing the responsive material and applying all relevant FOIA exemptions in full or in part – at a rate of approximately 500 pages per month. The FBI anticipates providing its first interim response in this reprocessing by April 15, 2025. By agreeing to process these records, the Department is not waiving the application of any FOIA exemptions, including Exemption 7(A).

Plaintiff has offered to drop Part 4 of his request in exchange for certain prioritization of the remaining Parts of his request. The FBI is currently unable to assess the feasibility of this proposal, because importation of the files into the processing system is ongoing. Defendants will continue to confer with Plaintiff on Plaintiff's narrowing request, in addition to any other suggestions or requests Plaintiff may have for narrowing the request in the future.

Defendants oppose Plaintiff's request for an order prescribing prospective time limits for any and all consultations with other agencies. Because consultations may vary widely in complexity and the size of the relevant record, it is not possible to prescribe a reasonable, uniform rule for the appropriate amount of time any given consultation should take.

---

[1] It was not necessary to import the investigative file records into the processing system when the agency was previously processing responsive records in this case (including the document-by-document review to which Plaintiff refers below) because the agency's categorical review, undertaken in connection with the prior withholding-in-full under Exemption 7(A), did not require importation. In light of the necessity of this and other preparatory steps before page-by-page processing may begin, Defendants oppose Plaintiff's request for an order requiring that the FBI process 1,000 pages in its first interim response.

As reported in the parties February 20 Joint Status Report, Defendants continue to consider their appeal options with respect to the Court's decision on their *Glomar* response to the sixth category of Plaintiff's request.

*Plaintiff's Statement*

Plaintiff respectfully requests that the Court order Defendants to process 1,000 potentially responsive pages and release any non-exempt portions by April 15, 2025, and then process and produce 500 pages per month thereafter beginning with the records potentially responsive to part 5. The increase for the first release is reasonable because the first release will be two months since the Court's summary judgment ruling. ECF No. 43. Defendant's own declaration states that the FBI has conducted a document-by-document review of the records. ECF No. 31-6 at ¶ 144 ("The FBI conducted a document-by-document review of records responsive to Plaintiff's FOIA request maintained in the pending investigative file to determine the applicability of Exemption 7(A)"). Additionally, given the importance of the public's timely access to the records at issue, Plaintiff respectfully requests that the Court order that if Defendants send any records out for consultation or referral to another entity with equities in the record(s), then those entities shall return their responses to Defendants within 30 days and Defendants shall release the non-exempt records with its next monthly release. *See Leopold v. DOJ*, Civil Action No. 24-cv-00522-RBW, ECF No. 16 (ordering DOJ to produce records, which includes completing consultations, by a specific date); *Leopold v. DOJ*, Civil Action No. 24-cv-01278-RBW, ECF No. 88 (ordering that consulting entities "shall complete their review" by a specific date and that DOJ produce the non-exempt portions 21 days thereafter). Plaintiff's proposed order is attached to this status report.

Dated: March 6, 2025

Respectfully submitted,

*/s/ Merrick Wayne*
Matthew Topic, D.C. Bar No. IL0037
Merrick Wayne, D.C. Bar No. IL0058
Stephen Stich Match, D.C. Bar No. MA0044
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com

*Counsel for Plaintiff*


YAAKOV M. ROTH
Acting Assistant Attorney General

JACQUELINE COLEMAN SNEAD
Assistant Branch Director

*/s/ Simon G. Jerome*
SIMON G. JEROME
D.C. Bar # 1779245
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W., Rm. 12306
Washington, D.C. 20005
(202) 514-2705
simon.g.jerome@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| JASON LEOPOLD, |
| *Plaintiff,* |
| v. |
| FEDERAL BUREAU INVESTIGATION, et al., |
| *Defendants*. |

Civil Action No. 22-cv-1921-BAH

**[PLAINTIFF'S PROPOSED] ORDER**

UPON CONSIDERATION of the parties' joint status report and their respective position statements contained therein, it is hereby

ORDERED that Defendants shall first process records potentially responsive to part 5 of Plaintiff's request, and it is further

ORDERED that Defendants shall process 1,000 potentially responsive pages and release all non-exempt portions to Plaintiff by April 15, 2025, and it is further

ORDERED that following the April 15, 2025 release, Defendants shall process 500 potentially responsive pages per month and release all non-exempt portions with the first monthly release to Plaintiff by May 15, 2025, and it is further

ORDERED that if Defendants send any records out for consultation or referral to an entity with equities in the records, then that entity shall complete its review and return the records to Defendants within 30 days and Defendants shall release any non-exempt portions to Plaintiff with its next monthly release, and it is further

ORDERED that the parties shall have through and including April 6, 2025, to file a joint status report in this action.


SO ORDERED:


_____

Dated

_____

UNITED STATES DISTRICT JUDGE