UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD,<br><br>  Plaintiff,<br><br>  v.<br><br>FEDERAL BUREAU OF INVESTIGATION et al.,<br><br>  Defendants. | Civil Action No. 22-cv-1921-BAH |

**JOINT STATUS REPORT**

On February 10, 2025, the Court denied Defendants' motion for summary judgment, ECF No. 31, and granted Plaintiff's cross-motion for summary judgment, ECF No. 34, as to (1) Defendants' *Glomar* response under Exemption 7(A) (with respect to the sixth category of Plaintiff's FOIA request) and (2) Defendants' withholding in full of the Mar-a-Lago investigative file under Exemption 7(A).  Order, ECF No. 43.  In response to the parties' first subsequent joint status report, ECF No. 45, the Court ordered Defendants to "begin promptly processing records from the 'Mar-a-Lago investigative file' responsive to Parts 1 through 5 of plaintiff's request."  Following the parties' second subsequent joint status report, ECF No. 46, the Court ordered the parties to file a further joint status report on or before April 16, 2025, to include updates on the following numbered topics.  Mar. 11, 2025 Minute Order.  The Court also ordered Defendants to process documents at a rate of no fewer than 500 pages per month.  *Id.*  The parties now respectfully submit this report in compliance with the Court's order, and request that they be permitted to file a further Joint Status Report on or before May 16, 2025.

**Processing of Investigative File Records Responsive to Parts 1-5 of Plaintiff's Request**

As indicated in the parties' most recent Joint Status Report, Defendants began processing the investigative file records responsive to Parts 1-5 of Plaintiff's request in response to the Court's February 10 order. Defendants report that the first step of that processing, which is ongoing, has required the FBI to transfer the responsive records in the investigative file into the FBI's FOIA processing system. Defendants report that the FBI has begun transferring, and will continue to transfer, the responsive records into its processing system in phases while it conducts a line-by-line review for information that may be withheld or segregated for release. This process of transferring records into the processing system in phases will not cause any delay to the monthly interim releases occurring on or before the 15th of each month. Defendants report that on April 15, as anticipated, *see* Mar. 6, 2025 JSR at 2, Defendants provided their first interim response to Plaintiff. The April 15 interim response indicated that the FBI had processed 500 pages, all of which were either sent to other entities for consultation or were removed as duplicate to records sent to other entities for consultation.

**Search for Records Responsive to Part 6 of Plaintiff's Request**

In the time since the parties submitted their most recent Joint Status Report, the Solicitor General authorized no appeal of the Court's decision on Defendants' *Glomar* response as to Part 6 of Plaintiff's request. Accordingly, the FBI has begun a search for records responsive to Part 6, and anticipates completing its search and scoping to identify responsive records on or before June 13, 2025.

**(1) Whether it is feasible for defendants to accept plaintiff's offer to drop Part 4 of his request to prioritize the remaining parts of his request, and if not, why the FBI is unable to do so.**

Plaintiff has requested that the FBI prioritize Part 6, followed by Part 5, followed by Part 3. Defendants report that the FBI's search did not locate any records responsive to Part 4 of Plaintiff's request. The FBI has begun processing records responsive to Part 5 first, and will prioritize Part 6 when the search for responsive records for Part 6 concludes, *see supra*, and when processing of Part 5 is complete.

**(2) The total number of documents responsive to Parts 1-5 of plaintiff's FOIA request that must be processed.**

Defendants report that the approximate number of responsive pages is 3,859 and approximately 59 audio files. Defendants further report that this page count does not include an estimated page count for the physical "1As" responsive to Parts 1-5 of the request, or for records responsive to Part 6 (the search for which is still ongoing).[1]

**(3) The number of documents defendants have already referred to other agencies and an estimate on the length of time each agency has given to review the referred documents.**

Of the 500 pages reviewed for the April 2025 production, Defendants have referred 431 pages to other government entities. Defendants report that in many instances, the same pages were sent to multiple different entities for review, that the remaining 69 pages were removed as duplicates, and that the FBI has requested that each entity to which pages have been referred for consultation complete their review within 30 days.

---

[1] The term "1A" refers to an envelope used to organize and store documents that need to be stored separately from the FBI file to which they are attached, usually due to their size. 1As typically contain handwritten notes of interviews, photographs, diagrams, notes, CDs, DVDs, and other various non-evidentiary documents.

**(4) The number of documents defendants estimate that remain to be referred to other agencies for their consult.**

Defendants report that the FBI cannot determine which pages need to be referred to other entities before reviewing those pages individually, a process that has only just begun. Defendants report that because of the character of the investigative file, the FBI expects that, as a general matter, most (if not all) of the responsive records will require consultation or coordination with multiple other entities.

**(5) Given that defendants have already conducted a "document-by-document review" of the records responsive to Parts 1-5 of plaintiff's FOIA request, precisely what "preparatory steps" defendants must take to process Parts 1-5 of plaintiff's FOIA request and why this was not done previously.**

Defendants report as follows:

Per an agreement between the parties, the FBI previously conducted a bifurcated review of the records. For the sake of efficiency, and to expedite the review, the FBI reviewed the records directly in its Sentinel system.[2] To save time and resources, the FBI chose to not download records from Sentinel and transfer them into its FOIA Document Processing System (FDPS) at that time for review. It was easier and more efficient to review the records directly in Sentinel.

Given the expiration of Exemption 7A, the FBI must now re-review the records on a page-by-page, line-by-line, basis to segregate and portion-mark information exempt by other FOIA exemptions not originally identified, due to the bifurcated review agreement between the parties. The FBI must now transfer the records into FDPS to facilitate that line-by-line review to

---

[2] The Sentinel system is more fully described at paragraphs 33 through 37 of the Hammer Declaration, ECF No. 31-6.

be able to apply redactions to exempt information pursuant to additional underlying FOIA exemptions as Sentinel is not equipped to do so.

**(6) An estimated timeline of when defendants will make their first production.**

As indicated above, Defendants mailed their first interim response of investigative file records to Plaintiff on April 15. In that interim response, Defendants informed Plaintiff that all 500 pages processed were referred to other entities for consultation or removed as duplicates.

Dated: April 16, 2025

Respectfully submitted,

*/s/ Merrick Wayne*
Matthew Topic, D.C. Bar No. IL0037
Merrick Wayne, D.C. Bar No. IL0058
Stephen Stich Match, D.C. Bar No. MA0044
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com

*Counsel for Plaintiff*

YAAKOV M. BOTH
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Simon G. Jerome*
SIMON G. JEROME
D.C. Bar # 1779245
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
(202) 514-1673
simon.g.jerome@usdoj.gov

*Counsel for Defendants*